UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2003 JAN 22 A 11: 21

_____ DEPUTY

January 22, 2003

Memo To Counsel Re: Young Electrical Contractors, Inc. v. USF&G
Civil No. JFM-02-2756

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendants' motion to dismiss or to stay.

As a motion to dismiss, the motion is denied as to all counts. However, as to counts III and V, the motion is denied without prejudice to be renewed in the event that the government ultimately denies the claims that defendant has submitted to the government. I am not at all certain that the Miller Act is intended to shift to the prime contractor the risk that the government, as owner, decides not to pay a claim for extra work or delay costs incurred by a subcontractor (provided that the prime contractor in good faith pursues the subcontractor's claim with the government). *Cf. Moretrench Am. Corp. v. S.J. Groves & Sons Co.*, 839 F.2d 1284 (7th Cir. 1988).

As a motion to stay, the motion is granted in part and denied in part. Absent a clear waiver of plaintiff's rights under the Miller Act - which is absent here - there is no basis for staying adjudication of the claims asserted in Counts I, II, and IV. *See, e.g., United States ex rel. Pembroke Steel Co. v. Phoenix Gen. Constr. Co.*, 462 F.2d 1098, 1099 (4th Cir. 1972); *United States ex rel. B's Co. v. Cleveland Elec. Co.*, 373 F.2d 585, 588 (4th Cir. 1967). However, as plaintiff appears to implicitly concede, it is as least prudential to stay adjudication of the claims asserted in Counts III and V until the resolution of the claims defendant has submitted to the government.

Despite the informal nature of this letter, the Clerk is directed to docket it.

Very truly yours,

J. Frederick Motz
United States District Judge